(C. D. 1846)

R. J. SAUNDERS & Co., INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided February 19, 1957)

*Jordan & Klingaman* (*Edward F. Jordan* of counsel) for the plaintiff.
*George Cochran Doub,* Assistant Attorney General (*Richard H. Welsh,* trial attorney), for the defendant.

Before OLIVER, MOLLISON, and WILSON, Judges

WILSON, Judge: This case has been submitted for decision upon the following stipulation:

IT IS HEREBY STIPULATED AND AGREED by and between counsel:

1– That the merchandise described on the invoice covered by the protest herein as "Parts for electron image producer" is a complete so-called electron microscope imported in knocked-down or unassembled condition, the same in all material respects as the so-called electron microscope the subject of *United States* v. *R. J. Saunders & Co., Inc.* (Suit 4823), 42 C. C. P. A. (Customs) 128, C. A. D. 584.

2– That the record in the said C. A. D. 584 may be incorporated in the record herein.

3– Plaintiff abandons all claims in the protest herein except the claim that the involved merchandise is dutiable at 15 per cent ad valorem under paragraph 353, Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802.

4– The United States, defendant, concedes that the collector's classification of the involved merchandise as microscopes under paragraph 228 (b), Tariff Act of 1930, is erroneous.

IT IS FURTHER STIPULATED AND AGREED, subject to the approval of the court, that the protest herein may be submitted for decision on this stipulation and that the plaintiff may have 60 days within which to file its brief, and the defendant may have 60 days thereafter to reply.

Plaintiff hereby waives the right to further amend the protest herein.

From the foregoing statement of facts, it will be seen that the merchandise now under consideration consists of "a complete so-called electron microscope imported in knocked-down or unassembled condition, the same in all material respects as the so-called electron microscope the subject of *United States* v. *R. J. Saunders & Co., Inc.* * * * 42 C. C. P. A. (Customs) 128, C. A. D. 584."

The importation involved in the incorporated case is described by the court in its opinion as a "complete so-called electron microscope imported in knocked-down or unassembled condition." It appears, therefore, that the microscope now before us and that under consideration in the incorporated case are not only similar but identical.

In their brief, counsel for plaintiff contend that "the appellate court erred" in its holding in the incorporated *Saunders* case, *supra*. This court is, therefore, requested by plaintiff, in effect, to overrule the Court of Customs and Patent Appeals in the incorporated case.

While courts not infrequently reverse or overrule their own previous decisions, it is not within the province of a lower court to set aside the ruling of an appellate court, merely because a trial court may, in a particular case, disagree with the law as applied to a given set of facts, or as to the appellate court's interpretation of statutes or its own decisions. It may be that the United States Court of Customs and Patent Appeals may wish to reexamine its decision in the incorporated case, as it did in the recent case of *United States* v. *J. Eisenberg, Inc.*, 43 C. C. P. A. (Customs) 105, C. A. D. 616. However, this is a matter for the attention of the appellate court, for, as pointed out in the case of *United States* v. *Esso Standard Oil Co.*, 42 C. C. P. A.

(Customs) 144, C. A. D. 587, "While it is true that a decision in any case rests upon the particular facts thereof, only a material difference in such facts will render the case inapplicable in a subsequent proceeding." Since the facts in the present case are identical with those of the case already decided by our appellate court, we see no alternative but for us to hold that the incorporated case is controlling herein.

It is conceded by the Government that the classification of the collector, holding the involved merchandise dutiable at the rate of 45 per centum ad valorem under paragraph 228 (b), Tariff Act of 1930, as "microscopes" is erroneous. It is clear, however, that, under the holding in the incorporated case herein, the importation now before us is not properly dutiable at 15 per centum ad valorem under paragraph 353 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, as an article "Suitable for producing, rectifying, modifying, controlling, or distributing electrical energy, * * *," as claimed by the plaintiff, but that it is properly classifiable at the rate of 40 per centum under paragraph 360 of the Tariff Act of 1930 under the provision therein for "laboratory instruments," as contended by the defendant.

Inasmuch as the claim under paragraph 360, Tariff Act of 1930, was abandoned by the plaintiff in the stipulation, *supra*, and the protest was limited to the claim at 15 per centum ad valorem under paragraph 353, as modified, *supra*, the protest herein is overruled, without affirming the action of the collector.

Judgment will be entered accordingly.